IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WELLS FARGO BANK, N.A., | ) | Case No. 3:16-cv-130 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| JEFFREY A. CARNELL, ANNA M. CARNELL, RYAN P. JAY, and LARRY E. JAY, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I.  Introduction

Pending before this Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss the Counterclaim filed by Defendant Jeffrey A. Carnell ("Mr. Carnell"). (ECF No. 40.) Although Mr. Carnell has not responded to Wells Fargo's Motion to Dismiss (ECF No. 40) and brief in support thereof (ECF No. 41), the deadline for Mr. Carnell's response—i.e., June 14, 2017—passed nearly 8 months ago and, thus, Wells Fargo's Motion is ripe for disposition.

For the reasons that follow, Wells Fargo's Motion to Dismiss the Counterclaim filed by Defendant Jeffrey A. Carnell is **GRANTED**. Thus, Mr. Carnell's Counterclaim against Wells Fargo is **DISMISSED WITH PREJUDICE**.

II.  Jurisdiction and Venue

Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over cases between citizens of different states if the amount in controversy exceeds $75,000. For diversity purposes, a national banking association—like Wells Fargo (ECF No. 1 ¶ 1)—is considered a citizen of

"the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see also* 28 U.S.C. § 1348.

In Wells Fargo's Complaint and in Mr. Carnell's Answer, Wells Fargo and Mr. Carnell state that Wells Fargo's main office is located in South Carolina and that Defendants are domiciled in Pennsylvania. (ECF No. 1 ¶¶ 1-5; ECF No. 39 ¶¶ 1-5.) Further, the value of the mortgage underlying this dispute exceeds $75,000. (ECF No. 1 ¶ 24; ECF No. 39 ¶ 24.) This Court therefore has original jurisdiction under 28 U.S.C. § 1332(a)(1).

Venue is proper in this district under 28 U.S.C. § 1391 because the property in question is located in the Western District of Pennsylvania and at least one defendant resides in the Western District of Pennsylvania. (ECF No. 1 ¶ 9.)

## III. Relevant Background

This Court detailed the procedural and factual background of the instant case in its Memorandum Opinion and Order denying Mr. Carnell's Motion to Dismiss. *See Wells Fargo Bank, N.A. v. Carnell*, Case No. 3:16-cv-130, 2017 WL 1498087, at *1-*2 (W.D. Pa. Apr. 25, 2017). The Court will not now repeat this background, but, instead, will provide an abbreviated background only for the purposes of deciding the instant Motion.[1]

As this Court previously summarized, Wells Fargo Bank, N.A. brought this case against two mortgagors—Jeffrey A. Carnell and Anna M. Carnell[2]—and the two notary publics who notarized the underlying mortgage documents, Ryan P. Jay and Larry E. Jay, after the Carnells

---

[1] The Court also acknowledges Ryan P. Jay and Larry E. Jay's pending Motion for Summary Judgment (ECF No. 23.)

[2] The Carnells were married at the time the property was acquired.

allegedly defaulted on their mortgage payments. *See id.* at *1. Wells Fargo primarily seeks an order quieting title to the property underlying the mortgage. *Id.*

Most pertinent for the purposes of the instant Motion, Mr. Carnell filed his Answer and Affirmative Defenses, Counterclaim, and Crossclaim on May 8, 2017. (ECF No. 39.) In this Answer, Mr. Carnell denies that he signed the two mortgages with Wells Fargo in 2008 and 2009. (*Id.* ¶¶ 14, 25.) Mr. Carnell's Answer also stated that he served a prior answer upon Wells Fargo on May 29, 2012 in a related state foreclosure action, in which he previously averred that he did not sign these two mortgage instruments. (*Id.* ¶ 35.)

Additionally, Mr. Carnell's Answer included a Counterclaim against Wells Fargo. (*See* ECF No. 39 at ¶¶ 70-78.) Mr. Carnell's Counterclaim alleges that Wells Fargo follows certain "quota" policies that require Wells Fargo employees to secure a certain mandated number of mortgages. (*Id.* ¶¶ 72-73.) This Counterclaim also asserts that Wells Fargo "failed to retain a title agent" in connection with the 2008 and 2009 mortgages and that Wells Fargo should have known that Mr. Carnell's signatures on these two mortgages did not match his signatures on other documents in Wells Fargo's possession. (*Id.* ¶¶ 75-77.) Mr. Carnell's Counterclaim seeks "an off set, actual damages, statutory damages and attorney fees." (*Id.* ¶ 78.) This Counterclaim contains no clear indication of Mr. Carnell's theory of recovery against Wells Fargo,[3] but the Court interprets this Counterclaim to be a claim for negligence.[4]

---

[3] Mr. Carnell's Counterclaim does not begin with a header or other clear indication as to the cause of action he intends to pursue against Wells Fargo. (*See* ECF No. 39 ¶ 70-78.)

[4] The entirety of the allegations of the Counterclaim appear to constitute a claim for negligence. (*See* ECF No. 39 ¶¶ 70-78.) In particular, Mr. Carnell's allegation that Wells Fargo was "reckless and negligent" (ECF No. 39 ¶ 74.) strongly suggests that Mr. Carnell seeks to plead a claim for negligence against Wells Fargo. *See Archibald v. Kemble*, 971 A.2d 513, 519 (Pa. Super. Ct. 2009) (holding that a claim alleging that the defendant acted recklessly constituted a cause of action for negligence).

On May 24, 2017, Wells Fargo filed the instant Motion to Dismiss and accompanying brief, asking this Court to dismiss, with prejudice, Mr. Carnell's aforementioned Counterclaim. (*See* ECF Nos. 40, 41.)

IV. **Standard of Review**

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But, detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[5] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when

---

[5] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## V. Discussion

Wells Fargo argues, *inter alia*, that this Court should dismiss Mr. Carnell's Counterclaim because it is barred by the relevant statute of limitations. This Court agrees because Mr. Carnell's Counterclaim for negligence is time barred on its face.

Under the law of this Circuit, a defense based upon a statute of limitations may be raised by motion under Federal Rule of Civil Procedure 12(b)(6) where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002)). The statute of limitations is "substantive" for the purposes of the *Erie* Doctrine, and, thus, the period provided for filing a negligence action by Pennsylvania law applies in this case. *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109 (1945); *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) ("[A] federal court must apply substantive laws of its forum state in diversity actions . . . and these include state statutes of limitations").

Under Pennsylvania law, claims for negligence are subject to a two-year statute of limitations. 42 Pa. Stat. and Cons. Stat. Ann. § 5524(7) (stating, in pertinent part, "the following actions and proceedings must be commenced within two years: . . . any other action or proceeding to recover damages for injury to person or property which is founded on negligent,

intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud.")

Moreover, pursuant to the Pennsylvania Judicial Code, this two-year limitations period is computed from the time the cause of action accrued. 42 Pa. Stat. and Cons. Stat. Ann. § 5502(a). In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005) (citing *Kapil v. Ass'n of Pa. State Coll. & Univ. Faculties*, 470 A.2d 482, 485 (Pa. 1983)). Thus, the Pennsylvania Supreme Court has held that the statute of limitations "begins to run as soon as the right to institute and maintain a suit arises." *Fine*, 870 A.2d at 857 (citing *Pocono Int'l Raceway Inc. v. Pocono Produce, Inc.*, 468 A.2d 468 (Pa. 1983)). Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute of limitations. *Id.* (citing *Nesbitt v. Erie Coach Co.*, 204 A.2d 473, 475 (Pa. 1964)). "Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his [or her] cause of action." *Id.*

Here, Mr. Carnell's Counterclaim asserts that Wells Fargo "was reckless and negligent in loan origination and underwriting in allowing Anna Carnell to forge the signature of Jeffrey A. Carnell" on the mortgages in 2008 and 2009. (ECF No. 39 ¶ 74.) Mr. Carnell's Answer states that, in his prior answer in the separate state foreclosure action, Mr. Carnell "denied having executed the 2008 and 2009 Wells Fargo Mortgage" and that further states that he served that prior foreclosure answer on Wells Fargo on May 29, 2012. (*Id.* ¶¶ 35, 71.) Therefore, according to the averments of Mr. Carnell's Answer, which were incorporated by reference into his Counterclaim (*see id.* ¶ 71), Mr. Carnell was aware, as of at least May 29, 2012, that his allegedly

forged signatures appeared on the 2008 and 2009 mortgages. Nevertheless, Mr. Carnell did not file the present Counterclaim against Wells Fargo until May 8, 2017—nearly five years later.

As the passage of nearly five years clearly exceeds the two-year statute of limitations for negligence claims provided for by Pennsylvania law, *see* 42 Pa. Stat. and Cons. Stat. Ann. § 5524(7), Mr. Carnell's Counterclaim against Wells Fargo is time-barred. This Counterclaim is dismissed with prejudice because, due to the lapse of the statute of limitations, amendment would be futile. *See Campbell v. M&T Bank*, Case No. 3:16-cv-118, 2018 WL 401523, at *12-*13 (W.D. Pa. Jan. 12, 2018) (citing cases on denying leave to amend based on futility).[6]

## VI. Conclusion

Wells Fargo's Motion to Dismiss the Counterclaim filed by Defendant Jeffrey A. Carnell (ECF No. 40) is **GRANTED** because Mr. Carnell failed to file his Counterclaim within the applicable statute of limitations. Accordingly, Mr. Carnell's Counterclaim against Wells Fargo is **DISMISSED WITH PREJUDICE.**

A corresponding order follows.

---

[6] Because this Court dismisses Mr. Carnell's Counterclaim with prejudice due to the passage of the statute of limitations, the Court offers no opinion as to Wells Fargo's other arguments in favor of dismissal.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WELLS FARGO BANK, N.A., | ) | Case No. 3:16-cv-130 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| JEFFREY A. CARNELL, ANNA M. CARNELL, RYAN P. JAY, and LARRY E. JAY, | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 12th day of February 2018, upon consideration of Wells Fargo's Motion to Dismiss the Counterclaim filed by Defendant Jeffrey A. Carnell (ECF No. 40) and for the reasons in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Wells Fargo's Motion is **GRANTED**. Accordingly, Jeffrey A. Carnell's Counterclaim against Wells Fargo contained in the Answer and Affirmative Defenses, Counterclaim, and Crossclaim by Defendant Jeffrey A. Carnell (ECF No. 39 ¶¶ 70-78) is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE