IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WELLS FARGO BANK, N.A., | ) | Case No. 3:16-cv-130 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| JEFFREY A. CARNELL, ANNA M. CARNELL, RYAN P. JAY, and LARRY E. JAY, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before this Court is the Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted ("the Motion") filed by Defendants Ryan P. Jay and Larry E. Jay ("the Jays") as to the crossclaim of Defendant Jeffrey A. Carnell ("Mr. Carnell").[1] (ECF No. 48.) Although Mr. Carnell has not responded to the Jays' Motion (ECF No. 48) and brief in support thereof (ECF No. 49), the deadline for Mr. Carnell's response—i.e., April 3, 2018—passed over two weeks ago and, thus, the Jays' Motion is ripe for disposition.

The Jays argue that Mr. Carnell's crossclaim against them should be dismissed for failure to request a legally cognizable remedy. (*See* ECF No. 49 at 3-4.) This Court agrees with the Jays' argument.

---

[1] Given the late timing of this Motion, the Court construes this Motion solely as a motion for judgment on the pleadings. *See infra* Part III (discussing the permissible time frame for the filing of a motion for judgment on the pleadings).

Accordingly, for the reasons that follow, the Jays' Motion is **GRANTED**. Thus, Mr. Carnell's crossclaim against the Jays is **DISMISSED**.

## II. Relevant Background

This Court detailed the procedural and factual background of the instant case in multiple prior memorandum opinions and orders. *See Wells Fargo Bank, N.A. v. Carnell*, Case No. 3:16-cv-130, 2017 WL 1498087, at *1-*2 (W.D. Pa. Apr. 25, 2017); *Wells Fargo Bank, N.A. v. Carnell*, Case No. 3:16-cv-130, 2018 WL 840141, at *1-*2 (W.D. Pa. Feb. 12, 2018); *Wells Fargo Bank, N.A. v. Carnell*, Case No. 3:16-cv-130, 2018 WL 988352, at *1-*2 (W.D. Pa. Feb. 15, 2018). The Court will not further expand upon this previously-provided background in the current Memorandum Opinion. However, the Court will provide a brief background as to those issues particularly pertinent to the instant Motion.

As this Court previously summarized, Wells Fargo Bank, N.A. ("Wells Fargo") brought this case against two mortgagors—Mr. Carnell and Anna M. Carnell[2]—and the two notary publics who notarized the underlying mortgage documents—the Jays—after the Carnells allegedly defaulted on their mortgage payments. *See Wells Fargo*, 2018 WL 840141, at *1. Wells Fargo primarily seeks an order quieting title to the property underlying the mortgage. *Id.*

Most relevant for the purposes of the present Motion, Mr. Carnell filed his Answer and Affirmative Defenses, Counterclaim,[3] and Crossclaim on May 8, 2017. (ECF No. 39.) In this Answer, Mr. Carnell denies that he signed the two mortgages with Wells Fargo in 2008 and 2009. (*Id.* ¶¶ 14, 25.) Mr. Carnell's Answer also stated that he served a prior answer upon Wells

---

[2] The Carnells were married at the time the property was acquired.
[3] This Court dismissed Mr. Carnell's counterclaims against Wells Fargo. *See Wells Fargo Bank, N.A. v. Carnell*, Case No. 3:16-cv-130, 2018 WL 840141 (W.D. Pa. Feb. 12, 2018).

Fargo on May 29, 2012 in a related state foreclosure action, in which he previously averred that he did not sign these two mortgage instruments. (*Id.* ¶ 35.)

Additionally, Mr. Carnell's Answer included a crossclaim against Anna M. Carnell and the Jays. (*See* ECF No. 39 at ¶¶ 79-92.) Mr. Carnell's crossclaim alleges that Anna M. Carnell and the Jays "caus[ed] or otherwise allow[ed] his signature to be forged upon two Wells Fargo Mortgages." (*Id.* ¶ 80.) The remainder of the allegations under the crossclaim heading of Mr. Carnell's Answer relate to Wells Fargo's alleged wrongdoing in promoting hasty, unsupervised "take home" mortgages that enabled Anna M. Carnell to forge Mr. Carnell's signature. (*Id.* ¶¶ 79-92.) Mr. Carnell's Answer asserts that Anna M. Carnell "forged her husband's name on the paperwork and found a willing and able notary to notarize the signatures." (*Id.* ¶ 88.) The Answer further alleges that Mr. Carnell "never signed anything with regard to the two Wells Fargo Mortgages and as such, could not have signed in front of the two notaries." (*Id.* ¶ 89.)

In response to this crossclaim, the Jays filed the instant Motion (ECF No. 48) and their brief in support thereof (ECF No. 49) on March 13, 2018. Mr. Carnell has not filed any documents in opposition to the instant Motion. Any responses were due on or before April 3, 2018. *See* Practices and Procedures of Judge Kim R. Gibson, Rule II.D.4 (Aug. 23, 2017), http://www.pawd.uscourts.gov/sites/pawd/files/JG-Practices-Procedures.pdf (providing 21 days to respond to motions to dismiss and motions for judgment on the pleadings).

### III. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, 3:15-cv-22, 2017 WL

-3-

4998663, at *4 (W.D. Pa. Oct. 30, 2017). "The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Zion v. Nassan*, 283 F.R.D. 247, 254 (W.D. Pa. 2012); *see Harleysville Ins. Co. of New York v. Cerciello*, No. 3:08-CV-2060, 2010 WL 11534317, at *2 (M.D. Pa. 2010) ("The standard of review used for a motion for judgment on the pleadings is substantively identical to that of a motion to dismiss."); *Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 147 (3d Cir. 2011).

Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *id.* at 12(h)(2)(B). The only difference between the two motions is that a Rule 12(b) motion must be made before a "responsive pleading" is filed, whereas a Rule 12(c) motion can be made "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(b); *id.* at 12(c); *Cerciello*, 2010 WL 11534317, at *2.

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But, detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[4] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. Discussion

The Jays argue that this Court should dismiss Mr. Carnell's crossclaim because Mr. Carnell failed to make any demand for relief against the Jays and, in the alternative, because the Jays do not hold any legal or equitable interest in the real estate underlying this lawsuit. (*See* ECF No. 49 at 3-4.) This Court is persuaded by both of the Jays' arguments and, thus, will dismiss Mr. Carnell's crossclaim against them.

---

[4] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

First, the Federal Rules of Civil Procedure require that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Mr. Carnell's Answer has failed to satisfy this basic and fundamental requirement. (*See* ECF No. 39 ¶¶ 79-92.)

Even after assuming the veracity of all of the allegations contained in Mr. Carnell's Answer and the reasonable inferences therefrom, *see Iqbal*, 556 U.S. at 679; *Connelly*, 809 F.3d at 786, this Court is unable to identify *any* demand for relief or request for *any* remedy in relation to Mr. Carnell's crossclaim against the Jays. In short, Mr. Carnell has failed to ask this court for *any* relief, therein failing to comply with Federal Rule of Civil Procedure 8(a)(3), and this Court must dismiss Mr. Carnell's crossclaim against the Jays.

Second, even were this Court to infer a request for relief by Mr. Carnell for his crossclaim against the Jays that is identical to the relief Wells Fargo sought against all Defendants—an inference this Court is unwilling to make, Mr. Carnell's crossclaim against the Jays would still fail to state a claim upon which relief can be granted. As stated *supra* Part II, Wells Fargo's claims request relief in the form of an order quieting title to the property underlying the mortgage, an equitable lien, or an equitable mortgage. *See Wells Fargo*, 2018 WL 840141, at *1. In essence, Wells Fargo is seeking to determine the validity of its 2008 and 2009 mortgages on the real property at 4139 Elk Lick Road, Everett, Pennsylvania.

However, no allegations in any pleadings assert that any person or entity—including the Jays—has any legal or equitable interest in the Elk Lick Road property other than the Carnells and Wells Fargo. Therefore, the relief requested by Wells Fargo against all Defendants, if somehow imputed to Mr. Carnell's crossclaim against the Jays, likewise provides no cognizable

request for relief because no allegations suggest that the Jays possess any interest in the Elk Lick Road property from which Wells Fargo's property-based request for relief could flow.

**V.     Conclusion**

In sum, the Jays' Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 48) is **GRANTED** because Mr. Carnell has failed to request cognizable relief. Accordingly, Mr. Carnell's crossclaim against the Jays is **DISMISSED.**

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WELLS FARGO BANK, N.A., | ) | Case No. 3:16-cv-130 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| JEFFREY A. CARNELL, ANNA M. CARNELL, RYAN P. JAY, and LARRY E. JAY, | ) | |
| Defendants. | ) | |

## ORDER

NOW, this 19th day of April 2018, upon consideration of Ryan P. Jay and Larry E. Jay's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 48), and for the reasons in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Ryan P. Jay and Larry E. Jay's Motion (ECF No. 48) is **GRANTED**. Accordingly, Jeffrey A. Carnell's crossclaim against Ryan P. Jay and Larry E. Jay contained in the Answer and Affirmative Defenses, Counterclaim, and Crossclaim by Defendant Jeffrey A. Carnell (ECF No. 39 ¶¶ 79-92) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk is to terminate Ryan P. Jay and Larry E. Jay as parties to this case on the docket.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE